JS - 6

"O"

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CASE NO. SACV 10-412 AG |
|---|---|---|
| Plaintiff/Respondent, | ) | SACR 06-251-AG |
| v. | ) | ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY UNDER 28 U.S.C. § 2255 |
| MICHAEL ALBERTO BERARDI, | ) | |
| Defendant/Petitioner. | ) | |

Petitioner Michael Alberto Berardi ("Petitioner") filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence ("Motion"). He argues: (1) the Court made a procedural error in treating the Federal Sentencing Guidelines ("Guidelines") as mandatory rather than advisory; (2) Petitioner's sentence is unreasonable because the Guidelines regarding child pornography are flawed; (3) Petitioner's sentence is substantively unreasonable because it is dissimilar to sentences given by other courts to similarly situated persons; (4) Petitioner received ineffective assistance of counsel; and (5) the conditions of Petitioner's supervised release prohibiting possession of sexually explicit material are overbroad. (Motion at 5.) After reviewing all papers and arguments submitted, the Court DENIES the Motion. But the Court, on its own motion, modifies special conditions 12 and 13 of Petitioner's sentence. The Court DENIES Petitioner's request for a Certificate of Appealability.

## BACKGROUND

Petitioner pleaded guilty to possession of child pornography in February 2007. (Motion at 3.) The Court sentenced Petitioner to 97 months imprisonment followed by a lifetime term of supervised release. (Government's Opposition to Petitioner's § 2255 Motion ("Opp'n") at 2-3.) The supervised release is subject to multiple conditions. (Judgment and Probation/Commitment Order ("Order"), *United States v. Berardi*, Case No. SACR 06-251-AG, at 1-2.) Two of these conditions, numbered 12 and 13 in the Order, prohibit Petitioner from possessing any materials "depicting and/or describing 'sexually explicit conduct' as defined at 18 U.S.C. § 2256(2)" as well as any materials "depicting and/or describing child pornography, as defined in 18 U.S.C. § 2256(8)." (*Id.* at 2.)

Petitioner appealed the sentence. (Motion at 3.) He argued that the district court improperly applied a sentencing enhancement, failed to recognize that the Guidelines are not mandatory, sentenced Petitioner to an unreasonable term of imprisonment, and erred in imposing lifetime supervised release. (*Id.* at 3-4.) In December 2008 the Ninth Circuit affirmed the Petitioner's sentence and the district court's analysis. *United States v. Berardi*, 307 Fed. Appx. 40 (9th Cir. 2008).

Petitioner now files the current Motion under 28 U.S.C. § 2255. (Motion at 4.) On October 25, 2010, Petitioner requested an extension of time to file his traverse. The Court gave Petitioner until December 15, 2010, to file his traverse. Petitioner filed his traverse on December 27, 2010, and, despite its lateness, the Court considered it in its ruling.

## PRELIMINARY MATTER

Petitioner argues that due to delays concerning the Government filing and Petitioner receiving the Government's opposition, the Government's opposition should be stricken. (Traverse at 7.) The Court finds that Petitioner suffered no prejudice due to any such delays, and

1 Petitioner does not provide any other persuasive justification for striking the Government's
2 opposition. Therefore this request is DENIED.

**LEGAL STANDARD**

6      Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the
7 court imposed the sentence "in violation of the Constitution or laws of the United States . . . ."
8 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect"
9 caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974);
10 *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

11      Limitations on § 2255 motions are based on the fact that the Petitioner "already has had a
12 fair opportunity to present his federal claims to a federal forum," whether or not he took
13 advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255
14 "is not designed to provide criminal defendants multiple opportunities to challenge their
15 sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

16      "When a defendant has raised a claim and has been given a full and fair opportunity to
17 litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition."
18 *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000). Further, "[i]f a criminal defendant
19 *could have* raised a claim of error on direct appeal but nonetheless failed to do so," the defendant
20 is in procedural default. *Johnson*, 988 F.2d at 945 (emphasis added); *see also Bousley v. United*
21 *States*, 523 U.S. 614, 622 (1998); National Institute for Trial Advocacy (NITA), *§ 2255 Federal*
22 *Custody; Remedies on Motion Attacking Sentence* (LexisNexis 2010) (listing the claims most
23 commonly brought under § 2255 motions).

24      This procedural default may be overcome by showing either (1) cause for failing to raise
25 the issue and prejudice or (2) actual innocence. *United States v. Ratigan*, 351 F.3d 957, 962 (9th
26 Cir. 2003). But the "cause and prejudice" exception revives only defaulted constitutional claims,
27 not nonconstitutional sentencing errors. *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir.
28

1994). Further, the "cause and prejudice" exception is met by ineffective-assistance-of-counsel claims, since the trial record is often inadequate for the purpose of bringing these claims on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504-05 (2003) ("[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Id.* at 509).

**ANALYSIS**

As listed above, Petitioner challenges his sentence on five grounds. The Court addresses the contentions one by one.

**1.      PETITIONER'S SENTENCE AND WHETHER THE COURT TREATED THE GUIDELINES AS MANDATORY**

Petitioner argues that his sentence is unreasonable because the district court treated the Guidelines as mandatory. (Motion at 5.)

This argument fails. Petitioner previously raised the argument in his appeal to the Ninth Circuit. *Berardi*, 307 Fed. Appx. at 41. The Ninth Circuit rejected Petitioner's argument, stating that "the district court's sentencing analysis was reasoned and proper." *Id.* This Court has further reviewed its sentencing determination, and the Court has concluded that the Ninth Circuit was correct. And regardless, since Petitioner already raised this issue on direct review, he may not properly raise it again in this Motion. *See Hayes*, 231 F.3d at 1139.

Therefore the Court DENIES Petitioner's Motion as to Petitioner's argument that the Court treated Guidelines as mandatory.

4

**2.      PETITIONER'S SENTENCE AND USE OF "FLAWED" GUIDELINES**

Petitioner's second argument concerns the Guidelines and their effect on his sentence. He contends that the Guidelines for child pornography are "unconstitutionally flawed." (Motion at 5.) And since his sentence is based on the Guidelines, Petitioner argues his sentence is unreasonably long. (*Id.* at 13.)

This argument fails for two reasons. First, Petitioner failed to raise this issue both at sentencing and on direct appeal. Because Petitioner failed to previously raise this issue, procedural default now bars him from bringing this issue. *Johnson*, 988 F.2d at 945.

Further, Petitioner does not meet either exception to procedural default. He acknowledges his guilt and therefore cannot show actual innocence here. (Motion at 26.) And Petitioner has also not shown cause. Cause exists when there is a "new legal or factual basis that was unavailable at the time of direct appeal" or "interference by officials." *United States v. Braswell*, 501 F.3d 1147, 1150 (9th Cir. 2007) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). The opportunity to argue that the Guidelines are "unconstitutionally flawed" existed at the time of direct appeal, and the Petitioner failed to raise the issue. Thus, because Petitioner does not base his argument on a new factual or legal basis or on the inference of the Court, his claim is barred by procedural default.

As noted, the "cause and prejudice" exception requires a showing of both cause and prejudice. But because Petitioner cannot show cause, the Court need not address the prejudice prong of this exception.

Further, even if procedural default did not bar Petitioner from bringing this claim, Petitioner has not shown that the Guidelines are "unconstitutionally flawed." Petitioner's argument that the Guidelines are "unconstitutionally flawed" because Congress formulated them independently from the U.S. Sentencing Commission ("Commission') is unpersuasive. In fact, the Seventh Circuit recently stated in a matter concerning child pornography sentencing guidelines that "Congress [can] legitimately create sentencing guidelines, just as it creates the

5

1  statutory maximum and minimum sentences." *United States v. Rodgers*, 610 F.3d 975, 978 (7th
2  Cir. 2010).
3     Therefore the Court DENIES Petitioner's Motion as to Petitioner's argument that the
4  Guidelines are flawed.

**3.     PETITIONER'S SENTENCE IN COMPARISON TO OTHERS**

Petitioner argues that there is an "impermissible disparity" between his sentence and similarly situated defendants. (Motion at 5.) Put differently, Petitioner contends that the Court failed to give sufficient explanation as to why his sentence is longer than others sentenced for child pornography or other pedophile crimes. (*Id.* at 24-29.)

This argument on sentencing differences fails. The Court need not give a detailed explanation of the reasons supporting a sentence for that explanation to be sufficient. *See Carty*, 520 F.3d at 992-93. All that is required is that the Court "explain [the sentence] sufficiently to permit meaningful appellate review." *Id*. at 992. The Court did that at Petitioner's sentencing. And on appeal the Ninth Circuit agreed, concluding that the Court's "sentencing analysis was reasoned and proper." *Berardi*, 307 Fed. Appx. at 41.

Therefore the Court DENIES Petitioner's Motion as to Petitioner's argument that there is an impermissible disparity between his sentence and other similarly situated defendants.

**4.     INEFFECTIVE ASSISTANCE OF COUNSEL**

As noted above, the "cause and prejudice" exception to procedural default is met by ineffective-assistance-of-counsel claims, and therefore the Court evaluates the merits of this claim. Petitioner contends that his defense counsel provided ineffective assistance by failing to challenge a "sadistic image" sentencing enhancement. (Motion at 30.) The enhancement increased Petitioner's offense by four levels under the Guidelines. USSG § 2G2.2(b)(4).

To succeed on this ineffective assistance claim, Petitioner must show that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner can show that counsel's performance is deficient if counsel "made errors so serious that the counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. Still, on review the counsel's conduct presumptively falls within "the wide range of reasonable profesional assistance." *Id*. at 689. Petitioner can show prejudice if there is a reasonable probability that but for the counsel's error, the result of the proceeding would have been different. *Id*. at 694.

Here, Petitioner argues that trial counsel made a serious error by not challenging the sadistic image enhancement. (Motion at 30-33.) To support his argument, Petitioner cites several cases that require the Government to prove intent to possess sadistic images. (*Id*. at 30-31.) Petitioner alleges that had his counsel made this argument at sentencing, the district court would not have applied the enhancement since the Government never showed intent. (*Id.* at 32.)

Not so. The cases on which Petitioner relies pre-date a 2004 amendment to the Guidelines that eliminated the Government's need to prove intent. Since November 1, 2004, the application note for the relevant section states: "Subsection (b)(4) applies if the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, *regardless of whether the defendant specifically intended to possess, receive, or distribute such materials*." USSG § 2G2.2, n.2 (emphasis added). Here, Petitioner stipulated in his plea agreement that "[o]ne of the images that was saved on [Petitioner's] computer depicted a minor engaged in sexually explicit conduct that was sadistic or masochistic." (Motion at 30.) Therefore the Court correctly applied the sentencing enhancement.

Since Petitioner cannot satisfy deficient performance, his ineffective assistance of counsel necessarily fails without further inquiry. *Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."). Even so, the Court briefly considers prejudice, the second required component in an ineffective assistance claim.

1 Assuming *arguendo* that trial counsel's performance in not challenging the sadistic
2 image enhancement was a serious error, Petitioner cannot show that such performance
3 prejudiced him. To do so, Petitioner would have to show a reasonable probability that his
4 sentence would have been different had trial counsel made the argument. *See id.* at 694. Yet
5 Petitioner cannot do this. As explained above, the Court correctly applied the four-level
6 enhancement. So even if trial counsel made the argument that Petitioner now presents,
7 Petitioner would have received the same sentence. Thus Petitioner's ineffective assistance claim
8 fails on the second required component as well.
9 Therefore the Court DENIES Petitioner's Motion as to Petitioner's argument that he
10 received ineffective assistance of counsel.

12 **5. CONDITIONS OF PETITIONER'S SUPERVISED RELEASE**

14 Petitioner alleges that conditions 12 and 13 of his supervised release are impermissibly
15 overbroad. (Motion at 34.) These conditions prohibit Petitioner from possessing any materials
16 "depicting and/or describing 'sexually explicit conduct,' as defined at 18 U.S.C. § 2256(2)" as
17 well as any materials "depicting and/or describing child pornography, as defined in 18 U.S.C.
18 § 2256(8)." (Order at 2.) Petitioner argues that these two conditions may prevent him from
19 adequately bringing a collateral attack, and therefore the conditions are unconstitutionally
20 overbroad. (Motion at 36.) Petitioner also has concerns that if he is required to make certain
21 writings to comply with a treatment program, he will be violating the conditions of his
22 supervised release. (*See id.*) Thus, he requests that this Court vacate conditions 12 and 13. (*Id.*)
23 Petitioner failed to raise this issue both at sentencing and on direct appeal. Because
24 Petitioner failed to previously raise this issue, procedural default now bars him from bringing
25 this issue. *Johnson*, 988 F.2d at 945.
26 Further, Petitioner does not meet either exception to procedural default. He
27 acknowledges his guilt and therefore cannot show actual innocence here. (Motion at 26.) And

8

1  Petitioner has also not shown cause. As noted, cause exists when there is a "new legal or factual
2  basis that was unavailable at the time of direct appeal" or "interference by officials." *Braswell*,
3  501 F.3d at 1150. The opportunity to argue that his sentencing conditions are unconstitutionally
4  overbroad existed at the time of direct appeal, and the Petitioner failed to raise the issue. This is
5  true despite the fact that a new case that may support his argument, *United States v. Cope*, 527
6  F.3d 944 (9th Cir. 2008), was decided after his sentencing. *See Bousley*, 523 U.S. at 623. Thus,
7  because Petitioner does not base his argument on a new factual or legal basis or on the inference
8  of the Court, his claim is barred by procedural default.

9  As noted, the "cause and prejudice" exception requires a showing of both cause and
10 prejudice. But because Petitioner cannot show cause, the Court need not address the prejudice
11 prong of this exception, and Petitioner's claim is procedurally defaulted.

12 Regardless of this procedural default, the Court reviewed *Cope* and whether it is relevant
13 to Petitioner's sentencing guidelines. *Cope* was decided after Petitioner was sentenced and
14 concerned a convicted sex offender's challenge to a condition of his supervised release, similar
15 to Petitioner's, that prohibited possession of child pornography. *Cope*, 527 F.3d at 949. In
16 *Cope*, the Ninth Circuit noted that directly applying the condition may impede the ability to
17 collaterally attack a sentence. *Id.* at 957. This is because the conditions may cover materials
18 that Petitioner might use in such a collateral attack. *See id.*

19 Given the holding in *Cope* and Petitioner's supervised release conditions, the Court finds
20 that due process concerns exist regarding Petitioner's these conditions. Specifically, a blanket
21 limitation on Petitioner's ability to possess certain explicit materials may prejudice his ability to
22 raise a future collateral attack on his sentence. And given this due process concern, the Court
23 finds it appropriate to modify these conditions.

24 Therefore, on its own motion, and despite denying Petitioner's Motion under § 2255, the
25 Court modifies special conditions 12 and 13 of Petitioner's supervised release as follows: The
26 conditions prohibiting Petitioner from possessing materials describing "sexually explicit
27 conduct" does not apply to materials necessary to and used for legal proceedings in this case or
28

another criminal prosecution against defendant, including a collateral attack or appeal, or to materials prepared or used for the purposes of defendant's court-mandated sex offender treatment.

## 6. CERTIFICATE OF APPEALABILITY

The Court declines to issue a certificate of appealability. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Under this section, if a court denies a petitioner's § 2255 motion, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition

should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484, (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893,(1983)).

Here, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court DENIES Petitioner's request for a certificate of appealability.

**DISPOSITION**

The Court DENIES the Motion. But the Court, on its own motion, modifies special conditions 12 and 13 of Petitioner's sentence. The Court DENIES Petitioner's request for a Certificate of Appealability.

IT IS SO ORDERED.

DATED: April 5, 2011

_____
Andrew J. Guilford
United States District Judge